UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRINA KONSTANTINOV, et al.,

        Plaintiffs,

                                    Case No. 04-74928

vs.

                                    HON. GEORGE CARAM STEEH
                                    MAGISTRATE VIRGINIA M. MORGAN

FINDLAY FORD LINCOLN MERCURY,

        Defendant.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiffs, Irina Konstantinov, as Conservator for the estate of Vladimir Konstantinov, and Sergei Mnatsakanov, have filed a motion for leave to amend their complaint, pursuant to Fed. R. Civ. P. 15(a). In their motion, Plaintiffs request that this Court allow the amending of their complaint to add an additional claim of gross negligence. For the reasons stated below, Plaintiffs' motion for leave to amend is GRANTED.

Plaintiffs originally filed their complaint on December 17, 2004, stemming from an automobile accident occurring June 13, 1997. Vladimir Konstantinov and Sergei Mnatsakanov, were passengers in a limousine owned by Gambino's Westside Limousine Service, Inc. (Gambino's), and operated by Richard Gnida, an employee of Gambino's. As a direct result of the accident, Vladimir Konstantinov and Sergei Mnatsakanov suffered severe and permanent injuries. Plaintiffs filed their action against defendant Findlay Ford Lincoln Mercury

(Findlay Ford), a buyer and seller of limousines, who sold the subject limousine to Gambino's, alleging negligence in the selling of a dangerous and unsafe limousine for commercial use.  Presently, Plaintiffs seek to amend their complaint to include an additional claim of gross negligence in relation to Findlay Ford's selling of the limousine.

In deciding whether to grant a motion for leave to amend a complaint, Fed. R. Civ. P. 15(a) allots a court great latitude in applying its sound discretion to determine what course of action is in the best interests of justice.  The Supreme Court has emphasized this liberty by stating that a plaintiff should be afforded an opportunity to fully test his claim on the merits . . . and "in the absence of any clear or stated reason, such as undue delay, bad faith, or dilatory motive on the part of the movant", . . . undue prejudice to the opposing party, or futility of amendment, "***the leave sought should, as the rules require, be freely given.***" Forman v. Davis, 371 U.S. 178, 182 (1962).  (emphasis added).

Defendant's chief point of contention is the futility of Plaintiffs' proposed amendment.  Defendant asserts that under Michigan law, its status as a seller and not a manufacturer provides it with immunity from liability for the harm caused by the limousine.  Defendant maintains that in order for Plaintiffs to overcome this immunity, they must prove the Defendant failed to exercise reasonable care and was independently negligent because it knew or should have known of the defects.  MCLA § 600.2947(6).  Defendant asserts that this court may only grant Plaintiffs' motion for leave to amend if its proposed amendment is not futile, that is, Plaintiffs must be capable of surviving a motion

2

to dismiss.  Here, Defendant argues that Plaintiffs' amendment lacks any affirmative allegations of the Defendant's negligence.

The Defendant cites to two Sixth Circuit opinions in support of its opposition to Plaintiffs' motion.  Both cases are distinguishable, however, and do not support Defendant's position.  In Miller v. Calhoun County, 408 F.3d 803 (6th Cir, 2005), the Court relied on a vast amount of deposition testimony before ruling to deny amendment, due to its futility and inability to survive a motion to dismiss.  In this case, as further discussed below, there has been negligible discovery to date.  While a motion to amend was also denied because it could not survive a motion to dismiss in Neighborhood Development Corp. v. Adversary Counsel of Historic Reservation, 632 F.2d 21 (6th Cir. 1980), the Court based its ruling on the movant's lack of standing and failure to join necessary parties.  Id. at 23.  Standing is not the issue here.

One of the important factors in determining whether to grant a Rule 15(a) request is the degree of prejudice or inconvenience facing the adverse party if the motion to amend is granted.  Seals v. Quarterly County Ct. of Madison Co., Tenn., 526 F.2d 216, 219 (6th Cir. 1975).  The present action has not progressed to the point where such an amendment would unduly burden the Defendant, nor would such an amendment unduly delay proceedings.  See Clark v. MDOC, 555 F.Supp. 512 (E.D. Mich. 1982) (court ruled a state prisoner could amend his compliant to add claims where action had not progressed to the point at which defendant would suffer prejudice).  The March 31, 2006 discovery cutoff provides the Defendant ample time to react to the Plaintiffs' amendments.  Furthermore,

3

the Plaintiffs are not attempting to radically alter their complaint, but rather are merely asking this Court to permit the addition of a claim closely related to the original negligence claim. Such an amendment will not unduly burden the Defendant. Clearly, the Defendant will not be prejudiced by this Court's granting of Plaintiffs' motion to amend.

Once discovery is concluded, the Court will be in a position to address a motion for summary judgment or to dismiss on the merits of Plaintiffs' gross negligence claim. For the reasons given above, Plaintiffs' motion for leave to amend is GRANTED and discovery shall commence as scheduled.

**SO ORDERED.**

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: November 28, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on November 28, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk

4