UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IRINA KONSTANTINOV, as Conservator
for the Estate of VLADIMIR
KONSTANTINOV, a mentally
incapacitated person, and
SERGEI MNATSAKANOV,

        Plaintiffs,

                                   Case No. 04-CV-74928

vs.

                                   HON. GEORGE CARAM STEEH

FINDLAY FORD LINCOLN MERCURY,

        Defendant.
_____/

ORDER QUASHING SUBPOENA AND DENYING REQUEST FOR
SANCTIONS AND OVERRULING PLAINTIFFS' OBJECTIONS [DOCS. 215, 217]

This matter is presently before the Court on plaintiffs' motion for order to show

cause why Ford Motor Company and Ford Motor Credit should not be held in contempt

for failure to respond to trial subpoenas, and Ford Motor Company and Ford Motor

Credit's motion to quash the subpoenas and for sanctions. Oral argument was held

before the Court on May 12, 2008, during a break in the trial in this matter.

On April 28, 2008, plaintiffs served two trial subpoenas on Jeffrey Gorcyca,

counsel for Ford Motor Company and Ford Motor Credit. The subpoenas commanded

Ford Motor Company and Ford Motor Credit to appear in court on April 29, 2008 at 1:00

and to bring with them the documents listed in the "Rider to Plaintiffs' Subpoena Issued

to Ford on January 18, 2008." Ford Motor Company and Ford Motor Credit did not

comply with the subpoenas, so plaintiffs filed an emergency motion to show cause.

In a previous discussion before this Court, plaintiffs explained their interest in discovering complaints lodged with Ford Motor Company regarding National Coach seat belts, and the Court indicated its agreement that such evidence might be relevant. Non-parties Ford Motor Company and Ford Motor Credit were not present during this discussion on the record, but the Court did have their written responses to plaintiffs' objections (docs. 195 and 196). The Court made it clear that it would not permit discovery of financial or audit records relating to National Coach, as the connection to relevant issues was too tenuous. The Court indicated that only the discovery sought by paragraph 18 of the rider attached to the subpoena issued to Ford Motor Company on January 18, 2008 was considered relevant.

Paragraph 18 requests:

All documents relating to claims or complaints against Ford and/or Ford dealers and/or Ford QVMs alleging vehicle damage or injury because of, in whole or in part, inaccessible seat belts.

At the hearing before the Magistrate Judge on March 6, 2008, counsel for Ford stated that Ford had already produced some information about warranty claims made with respect to seat belts, and documents that reflect communications from dealers and Ford field personnel relating to seat belt assemblies. The Magistrate Judge denied plaintiffs' request for any additional information sought by paragraph 18 of the subpoena. The Court has seen the transcript of the hearing before Magistrate Morgan, and plaintiffs did not make any argument on the record regarding paragraph 18.

As admitted during oral argument on May 12, 2008, plaintiffs have already obtained one category of documents requested in paragraph 18, that being complaints received by Ford Motor Company relating to seat belts in Town Cars of certain specified

years.  Plaintiffs also acknowledged during oral argument in this matter that there are a number of ways they can prove knowledge of a defect on the part of Findlay Ford.

The Court will not reverse an order of a Magistrate Judge unless it finds such order to be clearly erroneous or contrary to law.  Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).  The Magistrate Judge found plaintiffs' requests to be overly broad, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence.  The Court does not find the Magistrate Judge's Order to be clearly erroneous or contrary to law in this matter.  Now, therefore,

IT IS HEREBY ORDERED that plaintiffs' objections to the Magistrate Judge's order are OVERRULED, the subpoena at issue is QUASHED, and the request for costs by Ford Motor Company is DENIED.


Dated:  May 15, 2008


S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 15, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk